UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD ALLEN RANDOLPH,**

    Petitioner,

v.                                        Case No.  8:08-cv-2210-T-30TBM

**USA,**

    Respondent.
_____/

## ORDER

On October 20, 2008, Richard Allen Randolph (hereinafter "Petitioner" or "Randolph") filed a pleading entitled "Motion pursuant to Federal Rule of Criminal Procedure 60(b) based upon newly discovered Evidence." Petitioner requested the Court to "grant this Motion to allow his case to be re-opened based upon new Evidence and possibly new Constitutional Law that was not known to him/me at sentencing, based upon the Literal Interpretation of 18 U.S.C. §924(c) 'Except' Clause, and the exclusion of the word 'consecutive' which is nowhere to be found in the 'Except' Clause of 924(c)."

This Court construed the motion as one to vacate or correct his sentence pursuant to 28 U.S.C. §2255. Petitioner had been sentenced by this Court on November 9, 2004, for aggravated bank robbery (counts one and two) and carrying a firearm during a crime of violence (count three). That sentencing judgment became final on November 19, 2004, because Randolph did not file a direct appeal. Since it appeared from the face of Randolph's

motion that it was filed more than one year after the judgment became final, this Court entered an Order for him to show cause, if any he had, why the motion should not be dismissed as time-barred. The Court explained that under §2255, there is a one year limitation period for filing petitions. Petitioner was given the opportunity to explain why that limitation period had been tolled or why he should be excused from its application.

On November 20, 2008, Randolph filed his response. He first takes issue with this Court construing his motion as a §2255 petition rather than a "60(b) motion." The rule 60(b) to which Randolph refers (allowing relief from a judgment because of newly discovered evidence) is a rule of <u>civil</u> procedure, not criminal procedure. The closest rule to it in the Rules of Criminal Procedure is rule 33(b)(1) which provides:

> Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

This rule allows one to request a new trial, not a reduced sentence, if new evidence is discovered within three years. Not only did the three year period expire before Randolph filed his petition, newly discovered case law is not newly discovered evidence. For these reasons, this rule does not apply to Randolph's situation.

Next, Randolph argues that his plea agreement allowed him the opportunity to "appeal his conviction or sentencing by any new Constitutional Law or any Retroactive Amendment that applies to his case." Petitioner is confusing his right to take a direct appeal with his right to file a collateral attack on his sentence under §2255. The phrase to which he refers only

concerns a direct appeal to the Eleventh Circuit. He did not file a direct appeal and that language is inapplicable here.

Next, Randolph argues that his counsel was ineffective because he was promised that "if any situation occurs, that would change the status of my Case, then he (Attorney), would file the necessary paperwork. On December 11, 2005, the Supreme Court ruled in favor of 'Booker' although the 'Booker' Case was passed approximately 20 days after my sentencing, that in and of itself was within the one-year period of limitations that should apply to a Motion under Section 28 U.S.C. §2255." Contrary to Randolph's assertion, his one year period under §2255 ended on November 19, 2005. If <u>Booker</u> was decided on December 11, 2005, that would have been after his one year statute of limitations had expired. In any event, Randolph does not explain how the <u>Booker</u> case applies to any of his issues and the Court is unaware of any such potential application.

Lastly, Randolph argues that "section (2) of the provisions listed in 28 U.S.C. §2255, Petitioner has satisfied this Section, and his current motion should be granted." Apparently Randolph is referring to that part of 28 U.S.C. §2255 which provides:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> 
> . . .
> 
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

Randolph does not specifically describe the governmental action he claims prevented him from filing his §2255 petition earlier. The Court is unable to discern any such action and therefore determines that this provision does not apply in Randolph's circumstance.

The real issue in Randolph's motion is whether the case of <u>United States v. Whitley</u>, 529 F.3d 150 (2nd Cir. 2008), *re'hrg*, 540 F.3d 87 (2nd Cir. 2008) would authorize a reduction in his sentence. Randolph contends that because of the way the Court in <u>Whitley</u> interpreted the "except" clause, he should be resentenced.

It is not necessary for this Court to determine whether it should accept the reasoning in <u>Whitley</u> because <u>Whitley</u> does not apply to the facts of Randolph's case. In <u>Whitley</u>, the Court ruled that the defendant was not subject to a consecutive minimum mandatory sentence for discharging a firearm because one of the other counts on which he was convicted carried a "greater minimum sentence." Randolph's other counts of aggravated bank robbery did not carry mandatory minimum sentences, much less a greater one than the mandatory consecutive one prescribed by the statute. Therefore, the reasoning of <u>Whitley</u> would not afford any relief to Randolph even if he were not time-barred.

Randolph's petition was properly construed under 28 U.S.C. §2255. Because Randolph was unable to show any factual basis to support tolling, cause that would excuse his default, or actual innocence (which he does not assert), the petition is time-barred and will

be dismissed. Even if the petition were not time-barred, it would fail on the merits because Whitley does not apply to the facts of Randolph's case.[1]

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's motion (Dkt. #1) filed on October 20, 2008 is hereby DISMISSED as time-barred.

2. The Clerk is directed to terminate from pending status the motion (Dkt. #29) filed in the corresponding criminal case number 8:04-cr-272-T-30TBM.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-2210.deny 2255.frm

---

[1] This Court is not ruling that it accepts the reasoning in Whitley.